A. L. PETERS ET AL. v. JACK LAWSON ET AL.

(Case No. 5541.)

1. JUDGMENT—SATISFACTION—ATTORNEY—AUTHORITY—The supreme court rendered a judgment against P. and the sureties on his *supersedeas* bond in favor of L. and B., for a certain amount, with interest and costs. A portion of that sum, being then in custody of the clerk of the district court, was paid by him to the attorneys of L. and B., they giving him a receipt as attorneys. In an injunction proceeding by two of the sureties on the *supersedeas* bond of P. to stay exetion authorizing the collection of the remainder due L. and B., *Held:*

(1) Under a general employment the attorneys of L. and B. were not authorized to receive a less sum than was due in satisfaction of their judgment.

(2) The receipt of the attorneys was evidently intended to relieve the clerk of liability, and evidence explaining the purpose for which it was given was admissible.

APPEAL from Hood. Tried below before the Hon. T. L. Nugent.

This was an injunction proceeding to stay execution. On March 25, 1881, the district court of Hood county rendered a judgment in favor of Lawson and Baker, in a proceeding instituted by the clerk of the court, to ascertain the owners of $542.20, which had been paid to him by T. W. House, under a judgment in the case of T. W. House v. R. G. Peters, Jas. Baker, Jack Lawson and William Fant. On April 12, 1881, R. G. Peters appealed from that judgment to the supreme court, where it was affirmed, October 30, 1883; the court rendering judgment for the amount of the judgment appealed from, interest and costs, against R. G. Peters and the sureties on his *supersedeas* bond, A. L. and J. H. Peters, T. N. Foster and A. Carmichael. On January 17, 1884, the clerk paid the money in his hands to appellees in this suit, Jack Lawson and Jas. Baker, through their attorneys, taking their receipt therefor. On November 26, 1884, the execution which the appellants sought to enjoin issued, authorizing the collection of the sum due them on their judgment after deducting the amount of the money received from the clerk of the court.

On March 25, 1885, the court rendered judgment upon the final hearing, setting aside the execution already issued for irregularity, dissolving the temporary injunction, and ordering that execution issue in favor of appellees, Lawson and Baker, for the remainder of their judgment.

*T. T. Ewing* and *W. A. Duke*, for appellants, cited: R. S., 1040, 1404; 1 Ct. App. Civil Cases, (W. & W.) secs. 945, 946,1167, 1254; Freeman on Judg., 444; R. S., 1265; Hendricks *v.* Cameron, Tex. Law Rev., vol. 5, p. 80; Railway Company *v.* Rucker, 59 Tex., 587; Fowler *v.* Davenport, 21 Tex., 635; Walker *v.* Reed, 59 Tex., 192.

*Cooper & Estes*, for appellees, cited: R. S., 1265; Hewitt *v.* Thomas, 37 Tex., 520; Greenl. on Ev., 305; R. S., 2972, 2980; Freeman on Judg., 45.

STAYTON, ASSOCIATE JUSTICE.—The judgment rendered on March 25, 1881, in the proceeding instituted by the clerk to ascertain to whom the money paid into court by House should be delivered, taken in connection with the pleadings of the respective parties was, in effect, a judgment that the money so in his possession belonged to Jack Lawson and James Baker. It was their right then to have the money, and doubtless the clerk would have delivered it to them, in obedience to the judgment, had not R. G. Peters prosecuted an appeal from that judgment. He, however, on April 12, 1881, perfected an appeal from that judgment by executing, with proper sureties, a *supersedeas* bond. Through the appeal thus perfected, the judgment was brought before this court, where it was affirmed on October 30, 1883.

On affirming the judgment, there being a *supersedeas* bond, as was proper, this court rendered a judgment against R. G. Peters, and the sureties on his bond, for the amount adjudged below and all costs. As before said, the sum adjudged by the court below was fixed by the record, and the judgment rendered here embraced that sum, all interest accrued, or to accrue on it, until paid, as well as all costs which had accrued at the time the appeal was perfected, and all such costs as accrued in consequence of the appeal, or in the further enforcement of the judgment.

For the aggregate of these sums, R. G. Peters and the sureties on the *supersedeas* bond, were liable, and execution might properly issue against them for such sum, less the sum in the hands of the clerk, which was paid by him to the parties entitled to it.

The execution which the appellants sought to enjoin issued on November 26, 1884, and only authorized the collection of the sum due on the judgment, after deducting the sum paid by the clerk to the attorneys of Lawson and Baker, on January 17, 1884.

This execution was certainly authorized by the judgments to which we have referred, as against all persons still living, against whom the judgment was rendered. The persons who prosecute the appeal now before us had no ground to complain of that execution. They do not show that facts existed which would have rendered the judgment dormant, nor do they complain of the execution on this ground. It is contended that the payment of $540, the sum in the hands of the clerk, after paying the costs of the suit in which House was plaintiff, was made in full satisfaction of the judgment against R. J. Peters and his sureties, that the receipt of the attorneys of Lawson and Baker is conclusive of that fact, and that the court erred in receiving evidence to show to the contrary.

There is no pretence that any sum, other than the $540, paid by the clerk, was ever paid on the judgment; a much larger sum was due when that payment was made. The attorneys employed by Lawson and Baker, under a general employment, would not have been authorized to receive a less sum than was due, in satisfaction of the judgment. There were no facts pleaded or proved which would have conferred upon them any such power. Their receipt was evidently intended to relieve the clerk from any further liability on account of the money of which he had been made the custodian, and there was no error in admitting all the evidence that was received, for the purpose of showing the real purpose for which the receipt was given by the attorneys. There is no error in the judgment, and it will be affirmed.

It is so ordered.

AFFIRMED.

[Opinion delivered May 28, 1886.]